JONATHAN PATCHEN (SBN 237346)
Jonathan.Patchen@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA  94111
Telephone:415.291.6200
Facsimile: 415.291.6300

Attorneys for Defendants
BAKER BOTTS L.L.P. and JONATHAN A. SHAPIRO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY J. KESNER,<br><br>        Plaintiff,<br><br>v.<br><br>BAKER BOTTS L.L.P. and<br>JONATHAN A. SHAPIRO,<br><br>        Defendants. | Case No. **3:20-cv-01084-WQH-DEB**<br><br>**DEFENDANTS' OBJECTION TO HARVEY J. KESNER'S JULY 27, 2020 RESPONSE**<br><br>Date: July 27, 2020<br><br>Filed:             January 22, 2020<br>Transferred:   June 8, 2020<br>Trial Date:     None |

# **OBJECTION**

Defendants Baker Botts, LLP and Jonathan A. Shapiro ("Defendants") respectfully object and request that the Court not consent to the filing Plaintiff's July 27, 2020 "Response In Opposition And Answering Memorandum To Defendants' 'Reply' To Notice Of Voluntary Dismissal Pursuant To Rule 41" (Dkt. 29; the "Response"). Alternatively, Defendants' request leave of court to file a short reply.

The Response is untimely. Defendants filed their motion to dismiss and for attorney's fees (Dkt. 25; the "Motion") on June 24, 2020. The hearing date on the Motion—assigned by the Court—was July 27, 2020. Local Rule 7.1(e)(2) required Plaintiff to file any opposition to the Motion "not later than fourteen (14) *calendar* days prior to the noticed hearing." L.R. 7.1(e)(2) (emphasis in original). Any opposition was thus due on or before July 13, 2020. No opposition was filed on that date.

The Response clearly opposes the Motion. It argues, *inter alia*, that the Motion was improper (Dkt. 29 at 2:15-17); that California law does not apply (*id*. at 2:18-24); that California anti-SLAPP law does not apply in federal court (*id*. at 3:1-5:6); that the anti-SLAPP motion was untimely (*id*. at 5:7-9); and that the first prong of anti-SLAPP is not satisfied (*id*. at 5:10-25).[1]

The Response, being an untimely opposition to the Motion, *may not* be filed without permission from Judge Hayes. *See* Local Rule 7.1(e)(7) ("The clerk's office is directed not to file untimely motions and responses thereto without the consent of the judicial officer assigned to the case."). The docket does not indicate that Plaintiff even sought leave to file.

The Response is, in fact, doubly untimely. The Response was filed at 5:07 PM (i.e., after close of business) on July 27, 2020. But the Motion had also been taken under advisement on July 27, 2020. *See* Honorable William Q. Hayes, Civil Pretrial &

---

[1] Plaintiff admits as much by linking the Response on ECF to Defendants' Motion (Dkt. 25) *not* Defendants' Reply Brief (Dkt. 28).

-2-

1  Trial Procedures at 2 ("The Court will take all motions under advisement on the
2  assigned hearing date without notice to the parties.").

3        In light of the foregoing, Defendants respectfully request that the Court not
4  consent to the filing of the untimely Response. Rather, the Court can—and should—
5  deem the Motion for Attorneys' Fees unopposed. *See* Local Rule 7.1(f)(3)(c).

6        There is no prejudice in this approach. Although Plaintiff dismissed the case
7  *after* and *in response* to the anti-SLAPP motion, *as a matter of law* that cannot moot or
8  avoid the mandatory anti-SLAPP fees, as this Court has already held. *See Fleming v.*
9  *Coverstone*, No. 08CV355 WQH (NLS), 2009 WL 764940, at *6 (S.D. Cal. Mar. 18,
10 2009) (Hayes, J.) (a party "may not avoid liability for attorney fees under the anti-
11 SLAPP statute by dismissing his claims subject to a pending anti-SLAPP special motion
12 to strike").[2]

13       In other words, there cannot possibly be prejudice in denying consent to file the
14 (very) untimely Response because the untimely Response does not even purport to
15 address the only issue that could allow Plaintiff to avoid the mandatory fees.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

24
25 [2]   Significantly, Plaintiff does *not* ask, much less show he is entitled, to be relieved of the mandatory anti-SLAPP fees under narrow exception in *Coltrain v. Shewalter*, 66
26 Cal. App. 4th 94, 107 (1998) – which would have been the *only* way around his obligation to pay them. *See Fleming*, 2009 WL 764940 at *6 (explaining that the
27 plaintiff must prove "he dismissed [] because [he] has substantially achieved his goals through settlement, because Defendant was insolvent, or for other reasons unrelated to
28 the probability of success on the merits.").

-3-

DEFENDANTS' OBJECTION TO                                   CASE NO.: 3:20-CV-01084-WQH-DEB
HARVEY J. KESNER'S RESPONSE

Should the Court nonetheless consent, and permit the clerk to file, the untimely Response, Defendants respectfully request the Court permit them to file a short reply to the untimely Response.  Each of the arguments advanced therein is flatly incorrect—starting with citation to out-of-circuit authority contrary to *Fleming* and other binding Ninth Circuit authority—and Defendants should be afforded the opportunity to so demonstrate.

Dated: July 28, 2020

Respectfully submitted,

 */s/ Jonathan Patchen*
JONATHAN PATCHEN
(SBN 237346)
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA  94111
Telephone:415.291.6200
Facsimile: 415.291.6300
Jonathan.Patchen@bakerbotts.com
Attorneys for Defendants
BAKER BOTTS LLP and
JONATHAN A. SHAPIRO

-4-

DEFENDANTS' OBJECTION TO
HARVEY J. KESNER'S RESPONSE

CASE NO.: 3:20-CV-01084-WQH-DEB