UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY J. KESNER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BAKER BOTTS L.L.P. and<br>JONATHAN A. SHAPIRO,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-01084-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Motion to Strike claims two through six pursuant to California's anti-SLAPP (strategic lawsuit against public participation) statute (California Code of Civil Procedure § 425.16) and, alternatively, the Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the request for attorneys' fees pursuant to California's anti-SLAPP statute filed by Defendants Baker Botts L.L.P. and Jonathan A. Shapiro. (ECF No. 25).

**PROCEDURAL BACKGROUND**

　　On January 21, 2020, Plaintiff Harvey J. Kesner initiated this case by filing a Complaint in the United States District Court for the Southern District of New York, where it was assigned case number 1:20-cv-551. (ECF No. 3). Plaintiff alleges that "[t]his is a

case about extortion and the illegal efforts of [Defendants] to extract $9,600,000 from [Plaintiff] by force, threats and intimidation." *Id*. at 2.  Plaintiff alleges six causes of action against Defendants: (1) federal RICO, (2) deceptive acts and practices in business in violation of General Business Law § 349, (3) tortious interference, (4) intentional infliction of emotional distress, (5) prima facie tort, and (6) violation of Judiciary Law § 487.  *See id*. at 26-57.  Plaintiff seeks $10,000,000.00 in compensatory damages; $30,000,000.00 in threefold damages; $5,000,000.00 in punitive damages; pre-judgment and post-judgment interest; and "[c]osts and such other relief as is just and proper." *Id*. at 57.

On March 12, 2020, Defendants filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, a Motion to Transfer to the Southern District of California pursuant to 28 U.S.C. § 1404. (ECF No. 11).  On June 4, 2020, Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 17).  On June 8, 2020, Judge Hellerstein granted Defendants' Motion to Transfer (ECF No. 11), directed the Clerk of the Court to "transfer the file to the Southern District of California", and denied Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17).  (ECF No. 18).

On June 22, 2020, this action was reassigned to this Court pursuant to the Low-Number Rule.  (ECF No. 22).[1]  On June 24, 2020, Defendants filed a Motion to Strike claims two through six pursuant to California's anti-SLAPP statute and, alternatively, a Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and a request for attorneys' fees pursuant to California's anti-SLAPP statute.  (ECF No. 25).  On July 15, 2020, Plaintiff filed a Notice of Voluntary Dismissal "without prejudice" as to "all claims stated in his complaint against the defendants." (ECF No. 27 at 1).  On July 16, 2020, Defendants filed a Reply in support

---

[1] This action is related to *Mabvax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP et al*, No. 3:18-cv-02494-WQH-DEB (S.D. Cal. July 30, 2020).

of their request for attorneys' fees (ECF No. 25). (ECF No. 28). On July 27, 2020, Plaintiff filed a Response in opposition to Defendants' request for attorneys' fees (ECF No. 25). (ECF No. 29). On July 28, 2020, Defendants filed an Objection to Plaintiff's Response in opposition (ECF No. 29). (ECF No. 30). On August 10, 2020, Defendants filed a Reply in support of their request for attorneys' fees (ECF No. 25). (ECF No. 32).

## CONTENTIONS OF PARTIES

Defendants contend that "[t]his case is a frivolous 'SLAPP' suit filed by an attorney . . . in retaliation against the pending fraud and malpractice case brought against him by his former client MabVax Therapeutics Holdings, Inc. ('MabVax') . . . ." (ECF No. 25 at 8). Defendants assert that "[i]n this case, [Plaintiff] claims that Defendants—the law firm and lawyer who replaced [Plaintiff] as counsel for MabVax—'threatened' and 'extorted him' by sending for settlement purposes a draft of the complaint in *MabVax v. Sichenzia/Kesner* some two weeks before the client filed it." *Id*. Defendants contend that this action "is frivolous because [Plaintiff] has sued counsel for their unquestionably privileged and protected act of sending a draft complaint prior to filing." *Id*. at 8-9.

Defendants contend that Plaintiff's voluntary dismissal does not moot Defendants' request for attorneys' fees pursuant to California anti-SLAPP law. Defendants contend that they are entitled to attorneys' fees because Plaintiff's voluntary dismissal and failure to oppose Defendants' Motion to Strike create the presumption that Defendants are the prevailing parties. Defendants contend that motions to strike state law claims pursuant to California anti-SLAPP law may be brought in diversity cases in federal court. Defendants contend that California law applies because the United States District Court for the Southern District of New York would have applied California law given that Plaintiff alleges conduct occurring almost entirely in California.

Plaintiff contends that his voluntary dismissal divests this Court of jurisdiction to take any further action. Plaintiff contends that it is unclear whether any of Plaintiff's claims arise from Defendants' acts in furtherance of Defendants' right of petition or free speech pursuant to the United States Constitution or the California Constitution in connection with

a public issue. Plaintiff contends that California anti-SLAPP law does not apply in this diversity case because the Federal Rules of Civil Procedure control. Plaintiff contends that New York law applies because this Court must follow the choice-of-law rules that prevailed in the United States District Court for the Southern District of New York.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The Supreme Court has held that where a defendant seeks to transfer an action to another district court, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under s 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). The Court of Appeals for the Ninth Circuit has stated that "after a transfer under 28 U.S.C. § 1404, the choice-of-law rules of the transferor court apply." *Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016).

On March 12, 2020, Defendants filed a Motion to Transfer to the Southern District of California pursuant to 28 U.S.C. § 1404. (ECF No. 11). On June 8, 2020, Judge Hellerstein granted Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404 (ECF No. 11) and directed the Clerk of the Court to "transfer the file to the Southern District of California." (ECF No. 18). This Court applies New York choice-of-law principles to determine which forum's substantive law governs this Court's analysis of the request for attorneys' fees pursuant to California's anti-SLAPP statute.

In New York, "[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Matter of Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 223 (1993). Assuming that an actual conflict exists, "New York courts confronted with a choice of law issue in torts conduct an interest analysis, assessing which of the competing jurisdictions has the greatest interest in seeing its law applied to the matter at issue." *Stichting Ter Behartiging*

*Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 50 (2d Cir.), *certified question accepted sub nom. Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Philippe S.E. Schreiber*, 5 N.Y.3d 730 (2005), *certified question withdrawn sub nom. Int'l B.V. (Found. of Shareholders' Comm. Representing Former Shareholders of Saybolt Int'l B.V.) v. Schreiber*, 421 F.3d 124 (2d Cir. 2005). "Two separate inquiries are thereby required to determine the greater interest: (1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss . . . ." *Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519, 521 (1994) (citation omitted). "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders . . . ." *Id.* at 522 (citation omitted). Under New York's choice-of-law principles, the law of the situs of the injury generally applies to a tort lawsuit involving diverse parties. *See Stoyanovskiy v. Amerada Hess Corp.*, 286 A.D.2d 727, 728 (2001).

"California has expressed a strong interest in enforcing its anti-SLAPP law to 'encourage continued participation in matters of public significance' and to protect against 'a disturbing increase in lawsuits brought primarily to chill the valid exercise' of constitutionally protected speech." *Sarver*, 813 F.3d at 899 (quoting Cal. Civ. Proc. Code § 425.16(a)). However, district courts have been reluctant to apply California's anti-SLAPP statute extraterritorially even with the presence of California factors when California's interest is not sufficiently strong. *See Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018 WL 3816721, at *5 (C.D. Cal. Feb. 16, 2018) (same); *see e.g.*, *Schering Corp. v. First DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1176627, at *6 (N.D. Cal. Apr. 20, 2007) (citation omitted) ("How individual states choose to prevent the abuse of process within their own courts is best left to individual states to decide for themselves. And while California has a great interest in determining how much protection to give California speakers, . . . California's legislative policies designed to deter baseless

tort actions should have no bearing on actions filed in New Jersey."); *Ayyadurai v. Floor64, Inc.*, 270 F. Supp. 3d 343, 352-55 (D. Mass. 2017) (declining to apply California's anti-SLAPP statute in a case involving a California defendant, California tortious conduct, and a Massachusetts plaintiff, citing Massachusetts's interest in protecting its own citizens); *Underground Sols., Inc. v. Palermo*, 41 F. Supp. 3d 720, 726 (N.D. Ill. 2014) ("[A] state's acute interest in protecting the speech of its own citizens . . . counsels in favor of applying the anti-SLAPP statute of a speaker's domicile to his statements. The facts Palermo presents in trying to connect this case to California—that UGSI is located there, that his slideshow describes pipeline incidents there, and that the parties have previously litigated matters there—are not sufficient to outweigh this strong interest."); *Ranbaxy Labs., Inc. v. First Databank, Inc.*, No. 3:13–cv–859–J–32MCR, 2014 WL 982742, at *6 (M.D. Fla. Mar. 12, 2014) (citing "[d]ecisions from other courts faced with the question of whether to apply an out-of-state anti-SLAPP statute" that declined to do so).

      Plaintiff alleges that he is a citizen of Florida, that Defendant Baker Botts L.L.P. is a "global law firm with offices around the world, including New York City", and that Defendant Shapiro is a citizen of California. (ECF No. 3 at 5, 7-8). Plaintiff alleges that "[t]hroughout the time he was extorted by [Defendants], [Plaintiff] lived with his family in Fort Lauderdale." *Id*. at 5. Plaintiff further alleges that "[b]etween 1982 and 2018, [he] built an extremely successful practice as an attorney representing clients in securities matters" and was "a partner in the New York law firm, [Sichenzia Ross Ference Kesner, LLP] [("]SRFK["])] . . . ." *Id*. at 6. Plaintiff alleges that he "enjoyed an untarnished personal and professional reputation in the community in which he lived and worked, with clients, with professionals at his firm, with colleagues in the law and the securities industry, and with his many friends." *Id*. at 7. Plaintiff alleges that "[o]n August 17, 2018, [Defendants] threatened [Plaintiff] and his former law firm, . . . SRFK[ ], with the prosecution of an action for fraud, breaches of duty, defalcations and other misfeasance." *Id*. at 2. Plaintiff alleges that "[a]s a direct and proximate result of [Defendants'] extortionate demands, [Plaintiff] lost his partnership and employment with SRFK." *Id*. at 4.

Pursuant to New York's choice of law analysis, this Court find that New York's interest in seeing its laws applied outweighs California's interest. The significant contacts in this case occurred on August 17, 2018 when Defendants allegedly threatened Plaintiff and his former New York law firm and after August 17, 2018 when Plaintiff lost his law firm partnership and employment. The significant contacts were located in New York. This Court concludes that it should not apply California's anti-SLAPP statute. *See e.g.*, *Grant*, 2018 WL 3816721, at *6 (citations omitted) ("The Court cannot conclude that California's interest outweighs the interests of D.C. and Delaware, considering the residences of Defendants and G&E and the specific causes of action leveled against Defendants. . . . Therefore, the Court concludes that California's interest would not be most advanced by having its law applied, . . . and so under D.C.'s choice of law analysis, the Court should not apply California's anti-SLAPP statute."); *Schering*, 2007 WL 1176627, at *8 ("This order holds that, after considering New Jersey's governmental-interest choice-of-law analysis, the factors weigh strongly against applying California's anti-SLAPP statute to the present action. California's domestic concerns would not be significantly advanced by applying California's anti-SLAPP statute in other jurisdictions. The motion [to strike] may be denied for this reason alone.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike claims two through six pursuant to California's anti-SLAPP statute and, alternatively, the Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) filed by Defendants Baker Botts L.L.P. and Jonathan A. Shapiro (ECF No. 25) are DENIED AS MOOT.

1  IT IS FURTHER ORDERED that the request for attorneys' fees pursuant to
2  California's anti-SLAPP statute filed by Defendants Baker Botts L.L.P. and Jonathan A.
3  Shapiro (ECF No. 25) is DENIED.
4  The Clerk of the Court shall close this case.
5  Dated: October 8, 2020

*/s/ William Q. Hayes*
6  Hon. William Q. Hayes
7  United States District Court